**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JEFFREY LEE RAY, | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:16-CV-00481-MTT-MSH |
| JUSTIN GILLIAM[1], | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Plaintiff's motions for leave to proceed IFP (ECF Nos. 15, 16), motions to appoint counsel (ECF Nos. 15, 16), and motions for the issuance of subpoenas (ECF Nos. 13, 16). For the reasons discussed herein, Plaintiff's motions to proceed IFP are denied as moot, and Plaintiff's motions to appoint counsel and motions for subpoenas are denied.

## BACKGROUND

Plaintiff filed this § 1983 action on October 31, 2016. He asserts that on April 23, 2015, Defendant Justin Gilliam—a "CO II cert team officer" at Wilcox State Prison—punched him in the face, grabbed him by the throat, pushed him into a wall, and yelled obscenities at him. Compl. 4-5, ECF No. 1. Plaintiff's first motion to proceed *in forma pauperis* (ECF No. 2) was granted on February 1, 2017 (ECF No. 10). Plaintiff's excessive force claim was allowed to proceed for further factual development and service

---

[1] The Court notes that Defense counsel spells Defendant's name as "Gilliam," not "Gillian." The Clerk is directed to correct the spelling of Defendant Gilliam's name on the docket.

was ordered on Defendant Gilliam. Order 4, Feb. 1, 2017, ECF No. 10. Defendant Gilliam filed an Answer on April 18, 2017 (ECF No. 21). Prior to the filing of Defendant's Answer, Plaintiff filed the motions presently pending before this Court.

## DISCUSSION

### I. Motions to Proceed IFP

Plaintiff filed the presently pending motions for leave to proceed IFP on February 27, 2017 (ECF Nos. 15, 16). As he was already permitted to proceed IFP without prepayment of the filing fee on February 1, 2017, the motions at ECF No. 15 and 16 are denied as moot.

### II. Motions to Appoint Counsel

Concurrent with his motions for leave to proceed IFP, Plaintiff filed motions for the appointment of counsel (ECF Nos. 15, 16). Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. The Court thus finds that the essential

facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of an attorney. Plaintiff has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Accordingly, Plaintiff's motions are denied.

## III. Motions for the Issuance of a Subpoena

On January 28, 2017, Plaintiff sent a letter to the Court which has been docketed as a motion for the issuance of a subpoena. (ECF No. 13.) Plaintiff requests a copy of a subpoena so that he may obtain "copies of [his] medical records and copies of witness statements." *Id.* Plaintiff sent a second such letter on February 26, 2017, requesting a "copy of a subpoena motion" and a "copy of a production order." (ECF No 16-2.)[2] This letter was also docketed as a motion for issuance of a subpoena. It appears that Plaintiff does not fully understand discovery mechanisms available under this Court's February 1, 2017 Order and the Federal Rules of Civil Procedure. The Court files this Order to clarify the Discovery portion of its February 1, 2017 Order. Order 6-7, Feb. 1, 2017, ECF No. 10.

Although Plaintiff is proceeding IFP, he is required to fund the expenses of litigation like any other litigant. *See Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014). Further, the Court does not provide legal advice or form discovery requests.

Plaintiff can obtain the "witness statements" he seeks by deposing these witnesses.

---

[2] The Court notes that the discovery period did not commence until Defendant Gilliam filed his Answer on April 14, 2017. Plaintiff's motions for the issuance of subpoenas were therefore prematurely filed. Nonetheless, the Court now considers Plaintiff's motions as if they were timely filed.

3

Plaintiff can depose any witness as described in Rule 30 of the Federal Rules of Civil Procedure or through a deposition by written questions as described in Rule 31. However, depositions cost money including the costs to record the deposition and to transcribe the recorded testimony. If Plaintiff cannot pay the costs of a deposition, he has the following means of obtaining the testimony sought: If the witness is a party to the lawsuit, Plaintiff can propound interrogatories to that party pursuant to Rule 33. *See also* Order 7, Feb. 1, 2017, ECF No. 10. If the witness is not a party to the lawsuit, Plaintiff cannot use interrogatories. Plaintiff may instead request that the witness execute an affidavit detailing their personal knowledge of the incident. The Court cannot, however, compel a non-party witness to comply with any such request. The Court can only use its subpoena power to compel the attendance of a witness to give testimony at a deposition or trial.

Plaintiff can also seek any existing "witness statements," "medical records," or other documents by serving Defendants with requests for production of documents and things pursuant to Rule 34 of the Federal Rules of Civil Procedure. *See also* Order 7, Feb. 1, 2017, ECF No. 10.

As explained in the Court's February 1, 2017 Order, discovery in this case shall close on July 13, 2017. If either party needs additional time to complete discovery, a motion for extension of time may be filed for consideration by the Court.

Plaintiff is reminded that pursuant to Rule 37(a)(1) and Local Rule 37, he must confer in good faith with the Defendants concerning any discovery issue <u>prior</u> to filing any motions with this Court attempting to compel discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed IFP (ECF Nos. 15, 16) are denied as moot, and Plaintiff's motions to appoint counsel (ECF Nos. 15, 16) and motions for subpoenas (ECF Nos. 14, 16) are denied.

**SO ORDERED**, this 11th day of May, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE